## MILLER *v.* BROOKS.

CONTRACT—MISTAKE—FAILURE OF CONSIDERATION.

A representation by one of the parties to an exchange of property, to the effect that he had been advised by attorneys that a certain writing, transferred by him as a part of the consideration in the exchange, constituted a lien upon the property to which it related, and was practically a chattel mortgage, will not authorize a judgment against such party, in an action based upon an alleged mistake as to the legal effect of such instrument, for the value which was placed by the parties upon the writing, where it does not appear that he was not so advised and did not so believe; especially where the party receiving such writing was permitted by the holder thereof, before the exchange was effected, to take the advice of his own attorney as to such instrument, and where such party states upon the trial that he believed and acted upon such advice.

Error to Berrien; Coolidge, J. Submitted April 7, 1896. Decided April 28, 1896.

*Assumpsit* by Ionia Miller against Perry Brooks to recover a balance claimed to be due upon a contract for an exchange of property. From a judgment for plaintiff, defendant brings error. Reversed.

*Potter & Potter* and *Charles N. Sears*, for appellant.

*Hammond & Hammond*, for appellee.

HOOKER, J. Brooks was the owner of a livery barn, and a lease of the ground upon which it stood. He made a written contract with Vincent and Lawrence to sell them the barn for $650; the rent of the ground being paid to May, 1894, Vincent and Lawrence to pay rent falling due thereafter to McCord, the owner of the land. One hundred and eighty-four dollars and fifty cents was paid on delivery

of the contract. The remainder of the consideration was to be paid in monthly installments. Some weeks after the contract was made, Brooks made an exchange of property with the plaintiff, receiving a small farm, for which he gave a house and lot, and assigned the contract made with Vincent and Lawrence. The contract was valued at $465, in the trade, that sum being unpaid upon it. The plaintiff also took from Brooks an assignment in writing of the lease. The exchange of property was negotiated by the plaintiff's husband, who was her agent. The defendant told him that an attorney at Niles advised him that the contract with Vincent and Lawrence constituted a lien upon the barn, and he also told him that, if Vincent and Lawrence did not pay up, he could take possession of the barn. The plaintiff's husband took the writing to an attorney, the defendant permitting him to take it, for the purpose of getting counsel. He stated that his attorney advised him that the contract was perfectly good for $465, and that he believed and acted upon this advice. It is asserted, however, that Vincent and Lawrence had sold the barn to one Cribbs, who had promised to pay Brooks. The plaintiff's husband put a lock on the barn, but other parties, claiming to own the barn, took it off. He was subsequently advised by other counsel that he could not hold the barn, and it was finally torn down and removed. Thereupon this action was brought to recover the sum of $465, and the plaintiff recovered.

The case seems to have been based on the representation alleged to have been made by the defendant, viz., that the writing constituted a lien upon the barn. Counsel for the plaintiff disavow a claim of fraud, and the declaration does not allege fraud; but the plaintiff asserts that a " mistake was made, through which she was injured," viz., that it was stated by the defendant to the plaintiff's husband that he had been advised, by Col. Bacon and other lawyers, that the writing constituted a lien on the barn, and was "practically a chattel mort-

gage." It does not appear that he was not so advised, or that he did not believe it. The plaintiff seems to have misunderstood the legal effect of the writing, which her agent saw, and upon which advice of counsel was taken and acted upon, on her behalf. No fraud was alleged, and we see no ground upon which her judgment can be sustained. The court should have directed a verdict for the defendant, as requested.

The judgment is reversed, and a new trial ordered.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.